PRYM v. PECK & MACK CO.

(Supreme Court, Appellate Division, First Department.  February 4, 1910.)

1. MOTIONS (§ 58*)—ORDERS—RESETTLEMENT—TIME.

It is improper to resettle an order, over two months after it has been entered, by providing for a stay of all proceedings, and thereby attempt to invalidate or make ineffective such proceedings as have been taken ad interim.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 72; Dec. Dig. § 58.*]

2. PLEADING (§ 323*)—COMPLAINT—BILL OF PARTICULARS—ORDER—STAY OF PROCEEDINGS.

An order providing for the service of a bill of particulars should not provide for a stay of all proceedings in the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 979; Dec. Dig. § 323.*]

3. PLEADING (§ 323*)—BILL OF PARTICULARS—ORDER—PENALTY.

An order requiring a bill of particulars should not impose a penalty for failure to obey the same, as the remedy for noncompliance should be determined when the failure to comply has been established.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 979; Dec. Dig. § 323.*]

Appeal from Special Term, New York County.

Action by William Prym against the Peck & Mack Company. From an order resettling an order granting a motion for a bill of particulars, plaintiff appeals. Reversed, and motion to resettle order denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Katz & Sommerich (Maxwell C. Katz, of counsel), for appellant.
Franklin Bien, for respondent.

CLARKE, J. On October 22, 1909, the Special Term, upon motion of the defendant, made an order directing plaintiff to make and serve a bill of particulars. Said order provided:

"Ordered, that until such service all proceedings on the part of the plaintiff or his attorney to force this action to trial be and the same are hereby stayed."

On December 31, 1909, this order was resettled so as to provide as follows:

"Ordered, that until such service all proceedings on the part of the plaintiff and his attorneys be and the same are hereby stayed."

From said order, plaintiff appeals.

This order must be reversed for these reasons:

First. It was improper to resettle an order, over two months after it had been entered, by providing for a stay of all proceedings, and thereby attempt to invalidate or make ineffective such proceedings as had been taken ad interim.

Second. Under no circumstances should an order providing for the service of a bill of particulars provide for the stay of all proceed-

ings in an action. There may be many proceedings advisable or necessary to be taken in an action, having no possible relation to the service of a bill of particulars, which should not be interfered with. Such provision was unwarranted.

Third. The remedy for noncompliance with an order for the service of a bill of particulars is to be determined when the failure to comply has been established; and a provision in an order providing for the service of a bill of particulars imposing a penalty for failure to obey said order is improper. Foster v. Curtis, 121 App. Div. 689, 106 N. Y. Supp. 388.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to resettle the order of October 22, 1909, denied, with $10 costs. All concur.