### LEE v. BROWN et al.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

1. PLEADING (§ 323*)—STAY OF PROCEEDINGS—STAY PENDING SERVICE OF BILL OF PARTICULARS.

Defendant is not entitled to a stay of all proceedings on plaintiff's part pending the service of a bill of particulars.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

2. PLEADING (§ 323*)—BILL OF PARTICULARS.

An order requiring a bill of particulars to state matters which, if material at all, are merely matters of evidence, is erroneous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

3. PLEADING (§ 317*)—BILL OF PARTICULARS.

Where a complaint charges investment by defendants in certain notes, if they did not, they can deny the allegation, and cannot require plain-

tiff in a bill of particulars to particularize all the matters concerning such investment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by George A. Lee against Henry C. Brown and others. From parts of an order granting a motion for a bill of particulars, plaintiff appeals. Modified.

See, also, 139 App. Div. 669, 124 N. Y. Supp. 204.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George E. Blackwell, for appellant.
Henry B. Potter, for respondents.

SCOTT, J. The plaintiff appeals from parts of an order by which he was required to furnish a bill of particulars. The action is for damages for fraud and false representations, and the amended complaint states with reasonable fullness the grounds of the action. The bill of particulars required by the order appealed from is much more specific than is usually required in such cases, and we think that in some respects it is open to fair criticism.

The words, "and, further, that the nature, manner, and character thereof be specified," should be stricken out of subdivision "b." These matters are sufficiently set forth in the amended complaint. The same is true of the words, "and the nature, manner, and character thereof," in subdivision "f," and these words must accordingly be stricken out. There should be stricken out of subdivision "e" the words, "by which of the defendants said stock was sold to said William M. Greenwood, and also that plaintiff specify when, where, and how he procured said William M. Greenwood as a purchaser." These matters, if material at all, are merely matters of evidence. The same objection applies to the words, "and the nature, manner, and character thereof be specified," in subdivision "h," and they must be stricken out.

The whole of paragraph "i" must be stricken out. The defendants either did or did not invest in the notes referred to. If they did not, they can deny the allegation. If they did, they must know all the matters concerning which they ask plaintiff to particularize. Subdivision "k" must also be stricken out. If the plaintiff acquiesced in the sale of the stock and the purchase of the notes, it is immaterial how his acquiescence was evidenced. So, also, subdivision "m" must be stricken out, as must subdivisions "n," "o," and "q," as to all of which the particulars are sufficiently stated in the amended complaint or are immaterial.

The defendants are entitled to the particulars required by subdivision "p," in order that they may be protected against surprise at the trial. If the plaintiff is unable with his present knowledge to specify the "wash sales" which he charges, his remedy is an examination of defendants before trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Since the defendants are entitled to so much less by way of particulars than they demanded, the award of costs of the motion should be stricken out.

The provision for a stay of all proceedings on plaintiff's part pending the service of the bill of particulars is unauthorized. Prym v. Peck & Mack Co., 136 App. Div. 566, 121 N. Y. Supp. 57. If defendants cannot answer until the bill of particulars is served, that fact, if shown to the satisfaction of the court, might justify an extension of the time to answer, but cannot justify an absolute stay of all proceedings, which might operate to prevent plaintiff from ascertaining some of the very matters which he is required to include in the bill of particulars.

To the extent indicated, the order must be modified, with $10 costs and disbursements to the appellant.

Settle order on notice. All concur.