### BORGROSSER v. RISCH et al.

(Supreme Court, Appellate Division, Second Department. February, 23, 1912.)

1. ACTION (§ 68*)—STAY—ORDER FOR BILL OF PARTICULARS.

  In an action to specifically perform a contract to exchange land, it was improper for the order requiring plaintiff to serve a bill of particulars to stay further prosecution until compliance therewith.

  [Ed. Note.—For other cases, see Action, Cent. Dig. § 739; Dec. Dig. § 68.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—PROPRIETY.

  In an action to specifically perform a contract to exchange land, it was improper to require plaintiff to file a bill of particulars setting up an abstract of title; the title being a matter of public record.

  [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 317.*]

Appeal from Special Term, Kings County.

Action by Rosie Borgrosser against Eberhard F. Risch and another. From an order requiring plaintiff to furnish a bill of particulars, she appeals. Modified and affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Nathan April, for appellant.
Leonard J. Reynolds, for respondents.

WOODWARD, J. The plaintiff brings this action for the specific performance of a contract for the exchange of real property. The complaint contains the usual averments as to the making and delivery of the contract, and that she was at the time set for closing the same, and has been at all times since, ready, willing, and able to complete the transaction, and demands judgment decreeing the specific performance of the contract; the defendants having refused to close as provided by the contract. The answer of the defendants denies the breach of the contract, and sets up two affirmative defenses. The first of these alleges that the plaintiff was unable to convey a good title to the premises which she had contracted to sell; and the second, that the defendants were induced to enter into the contract by reason of fraudulent representations to them made by agents of the plaintiff.

After issue had thus been joined, the defendants moved for a bill of particulars, resulting in the order appealed from. The order of the court commands the plaintiff to furnish the form of the deed, as well as a summary of its contents, which the plaintiff then tendered to the defendant in alleged performance of the contract, and an abstract of the title of the plaintiff in the property which she purported to convey, dating from the time that a certain corporation, known as the Appleby & Wood Company, held title to the premises. The order further provides that, if these matters cannot with due diligence be ascertained by the plaintiff, she should so state, and it is further provided that until such particulars be furnished, as directed, the plaintiff be stayed from further prosecution of her action.

[1] The rule is so well established that it is improper to penalize parties in reference to bills of particulars that it goes without saying that this order, in so far as it stays the plaintiff's action, is unauthorized. Prym v. Peck & Mack Co., 136 App. Div. 566, 568, 121 N. Y. Supp. 57, and authority there cited; Lee v. Brown, 142 App. Div. 933, 126 N. Y. Supp. 1103.

[2] We are likewise of the opinion that, in so far as the order directs the plaintiff to furnish in a bill of particulars her abstract of title from the Appleby & Wood Company, it is not justified. It is nowhere alleged in the complaint that the plaintiff claims title through this company, or even that there is any such company in existence. But, assuming that there is such a company, and that the plaintiff's title comes through it, these are matters of public record, as accessible to the defendants as to the plaintiff, and it asks for matter of a purely evidential character, and which the plaintiff ought not to be called upon to produce in advance of the trial. She has alleged that she has been, at all times mentioned in the complaint, ready, willing, and able to give the title which her contract calls for, and the burden is, of course, upon her to establish this fact; not that she has

title through any particular person or corporation, but that she has such a title as her contract mentions.

The appeal does not complain of the portion of the order which calls for the form of the deed tendered, but does question the order in the other respects mentioned, and, we are of opinion, correctly.

The order appealed from should be modified in accordance with this opinion, and, as so modified, affirmed, without costs to either party. All concur, except BURR, J., not voting.